IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DARRELL REDDEN, Union Member Local 1521 #7408327, | ) ) ) | 8:11CV36 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 1521, | ) ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on February 4, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.    SUMMARY OF COMPLAINT

Plaintiff is a "union member" and filed his Complaint in this matter against his union, the International Brotherhood of Electrical Workers, Local Union No. 1521 ("IBEW Local 1521"). (Filing No. 1 at CM/ECF p. 1.) Liberally construed, Plaintiff sues the IBEW Local 1521 for failing to adequately represent him in his grievance against his former employer.[1] (*Id.* at CM/ECF p. 2.) Plaintiff alleges that the IBEW Local 1521 was "perpetrating a fraud" by "acting like they were trying to help him" while engaged in the grievance process with his former employer. (*Id.*) Plaintiff attaches a letter from him to "Edwin Hill, President, IBEW . . . Washington, DC."

---

[1] Plaintiff has filed a separate action against his former employer, the Metropolitan Utilities District. (*See* Case No. 8:11CV34, Filing No. 1.)

(*Id.* at CM/ECF pp. 3-4.) Summarized and condensed, Plaintiff's letter states that the IBEW Local 1521 failed to timely advise him to file a grievance against his employer, "did not insist" on getting his "termination papers" for him, and failed to timely give him grievance forms when he requested them. (*Id.*) Plaintiff requests the return of his "union dues," and that the court make him "whole." (*Id.* at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

2

Liberally construed, Plaintiff's claims are brought pursuant to § 301 of the Labor Management Relations Act, which "has been construed as providing an implied statutory basis for suits in federal district court by employees against their unions for unfair representation." *Raus v. Bhd. Ry. Carmen of U.S. and Canada*, 663 F.2d 791, 794 (8th Cir. 1981); *see also* 29 U.S.C. § 185. As set forth by the Eighth Circuit, to prevail under § 301, "the employee must first prove the union breached its duty of fair representation. . . . A union will be found to have breached its duty of fair representation only when its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Cross v. United Auto Workers, Local 1762*, 450 F.3d 844, 847 (8th Cir. 2006) (quotation omitted). Further, a "union's conduct is arbitrary if, considering all the circumstances at the time of the union's action or inaction, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Id.* (quotations omitted). Importantly, "'[m]ere negligence, poor judgment, or ineptitude on the part of the union is insufficient to establish a breach of the duty of fair representation.'" *Id.* (quoting *Stevens v. Teamsters Local 600*, 794 F.2d 376, 378 (8th Cir.1986)). However, courts reviewing a union's conduct should afford "considerable deference" to the union in fulfilling its duties to its members, "because the relationship between courts and unions is similar to that between courts and legislatures." *Thompson v. United Transp. Union*, 588 F.3d 568, 572 (8th Cir. 2009).

Plaintiff's allegations are sparse. He alleges that he is a member of the IBEW Local 1521 and that the IBEW Local 1521 engaged in "fraud" by "acting like they were trying to help him." (Filing No. 1 at CM/ECF p. 2.) Plaintiff further alleges that, while the IBEW Local 1521 engaged in the grievance process with his former employer on his behalf, the IBEW Local 1521 failed to timely advise him to file a grievance against his employer, "did not insist" on getting his "termination papers" for him, and failed to timely give him grievance forms when he requested them. (*Id.*) Plaintiff does not allege that the IBEW Local 1521 acted arbitrarily or in bad faith, and does not allege that the union discriminated against him. At best, Plaintiff has

3

alleged that the IBEW Local 1521 was negligent or inept in pursuing his grievance. In light of the deference due the IBEW Local 1521, the allegations currently before the court are insufficient to "nudge" Plaintiff's claims cross the line from conceivable to plausible. However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against the IBEW Local 1521. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **May 6, 2011**, to amend his Complaint and clearly state a claim upon which relief may be granted against Defendant, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **May 6, 2011**, and dismiss if none filed.

4. Plaintiff shall keep the court informed of his current address at all times

while this case is pending.  Failure to do so may result in dismissal without further notice.

DATED this 15th day of April, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.